Citation Nr: 1528209 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 05-37 821 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for diabetes mellitus, type II, to include as secondary to medications prescribed for service-connected Ross River virus.


REPRESENTATION

The Veteran is represented by: Virginia A. Girard-Brady, Attorney


ATTORNEY FOR THE BOARD

Sean G. Pflugner, Counsel



INTRODUCTION

The Veteran served on active duty from December 1972 to December 1975 and from April 1982 to July 1988. This matter comes to the Board of Veterans' Appeals (Board) on appeal from a December 2004 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

This matter was previously before the Board in August 2008, January 2010, July 2012, and November 2014. In August 2008, the Board denied the Veteran's above-captioned claim, after which the Veteran appealed to the U.S. Court of Appeals for Veterans Claims (Court). Based on a Joint Motion for Remand, a July 2009 Court Order remanded the matter to the Board for further development and re-adjudication. In January 2010 and in July 2012, the Board remanded the Veteran's claim for additional development. After the RO issued a July 2014 supplemental statement of the case, the claim was remitted to the Board for further appellate review. 

In November 2014, the Board again remanded the Veteran's claim for additional development. Prior to that remand, however, the Veteran requested a copy of his claims file under the Freedom of Information Act (FOIA). This FOIA request was not known to the Board until after the November 2014 remand had been issued. The Veteran, through his attorney, requested that the November 2014 remand be vacated given that the Veteran's FOIA request had not been satisfied. As such, in a separately issued Order, the Board vacated the November 2014 remand. The Veteran's FOIA has since been satisfied and, thus, the Board will now address the Veteran's claim as if the November 2014 remand never existed.


REMAND

In the most recent remand, dated in July 2012, the Board determined that an April 2010 VA examination, with an October 2010 addendum, was inadequate for purposes of adjudicating the Veteran's claim (in the July 2012 remand, the Board mistakenly determined that the date of the addendum was November 2010). Specifically, the Board found that the VA examiner failed to provide an adequate rationale for the opinion concerning aggravation. Consequently, the Board remanded the Veteran's claim in order to obtain a supplemental opinion. The July 2012 remand specifically directed the examiner to provide a thorough rationale.

While the Veteran's claim was in remand status, the RO attempted to obtain an adequate opinion from the April 2010 VA examiner in November 2012, January 2013, and June 2013. The RO correctly determined that each of the obtained opinions was inadequate. Further, in an undated email, a different VA examiner indicated that information regarding the Veteran's blood sugars was required in order to render an opinion regarding aggravation. The examiner noted that without such information, an opinion regarding aggravation could not be rendered.

In July 2014, the RO obtained another supplemental opinion from the April 2010 VA examiner. After reviewing the claims file, the examiner opined that the Veteran's diabetes mellitus, type II, was "less likely than not (less than 50 [percent] probability) proximately due to or the result of the Veteran's service-connected condition." In support of this opinion, the examiner provided the following rationale:

Review reveals no service related disabilities that would aggravate diabetes mellitus type 2. Medications are multiple and include Celebrex. The medical literature states that Celebrex cases hyperglycemia in less than 2 [percent] of 63,573 patients. In this [V]eteran there are other risk factors including family history and obesity. Therefore, it is the opinion expressed by this examiner that It (sic) is less likely as not that that (sic) Celebrex caused an aggravation of his Diabetes.

First, the initial opinion rendered by the VA examiner is limited to whether the Veteran diabetes mellitus, type II, was "due to or the result of" a service-connected disability. This opinion makes no reference to whether the Veteran's diabetes mellitus, type II, was aggravated beyond its natural progression by a service-connected disability or the medication prescribed to treat a service-connected disability.

Second, the rationale provided by the VA examiner includes a conclusory statement that none of the Veteran's service-connected disabilities would aggravate diabetes mellitus, type II. The examiner did not provide a rationale supporting this opinion.

Third, in support of the opinion that it was "less likely as not" that Celebrex "caused an aggravation" of the Veteran's diabetes mellitus, type II, the examiner cites to evidence that pertains to the Veteran's risk factors for developing diabetes mellitus, type II. The examiner provided no rationale for how the cited evidence is relevant to the question of whether the Veteran's diabetes mellitus, type II, was aggravated by a service-connected disability or medication prescribed to treat a service-connected disability.

Fourth, the rationale provided the VA examiner is essentially a reiteration of the October 2010 addendum that the Board already determined was inadequate for purposes of adjudicating the Veteran's claim.

For these reasons, the Board finds that the July 2014 supplemental opinion is inadequate for purposes of adjudicating the Veteran's claim. Consequently, the Board finds that another remand is required in order to obtain a supplemental opinion. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (holding that, once VA undertakes the effort to provide an examination, it must provide an adequate one or, at a minimum, notify the veteran why one will not or cannot be provided); see also Stegall v. West, 11 Vet. App. 268, 271 (1998) (holding that RO compliance with remand directives is not optional or discretionary, and the Board errs as a matter of law when it fails to ensure compliance). 

Accordingly, the case is remanded for the following action:

1. The RO must provide the Veteran with another VA examination to be conducted by an examiner other than the April 2010 VA examiner that rendered the July 2014 supplemental opinion. The claims file and all electronic records must be made available to and reviewed by the new examiner in conjunction with the examination. All pertinent symptomatology and findings must be reported in detail. All indicated diagnostic tests and studies must be accomplished, to include consideration of the undated email that indicated that information regarding the Veteran's blood sugars was required in order to render an opinion regarding aggravation. 

The examiner must then render an opinion as to whether any of the Veteran's service-connected disabilities, or the medications prescribed to treat those disabilities, aggravated his diabetes mellitus, type 2. The examiner is advised that "aggravation" is defined as a permanent worsening beyond the natural progression of the disease or disability.

The examiner must identify the medications prescribed to treat the Veteran's service-connected disabilities, including Ross River virus, and explain why each such medication did or did not aggravate the Veteran's diabetes mellitus, type 2, beyond its natural progression.

A thorough rationale for any opinion expressed must be included in the examination report. A thorough rationale is not simply a restatement of the evidence, but includes the application of medical analysis and a discussion of the significant of the relevant evidence. A thorough rationale may include, but is not limited to, specific references to evidence in the Veteran's claims file, citing to relevant medical literature and/or studies, discussions as to the medical principles involved, and extrapolating from the clinical findings of record. 

If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. The examiner must indicate whether an opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner. 
 
2. The RO must notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.
 
3. After completing the above action and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be re-adjudicated, to include all of the evidence submitted since the July 2014 supplemental statement of the case. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his attorney. After the Veteran and his attorney have had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review.

No action is required by the Veteran until he receives further notice; however, the Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).